The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Kim Cramer. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award
The Full Commission finds as fact and concludes as matters of law the following; which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At all times relevant to this claim, the employee-employer relationship existed between plaintiff Jesse Witmore and defendant J. B. Preslar Trucking Co.
3. The defendant-employer is self-insured for purposes of workers' compensation coverage.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff is a male who was born on October 14, 1948. His work history includes work as a saw man in the home construction industry, work as an auto mechanic, and as a truck driver.
2. Plaintiff began working for the defendant as a truck driver around September, 1989. The defendant company is involved in clearing and grading property. The equipment used includes two tandum dump trucks equipped with trailers to move equipment. Plaintiff was the driver for these dump trucks and often hauled equipment such as a loader, a small dozer, and a backhoe. Plaintiff drove the 4300 International truck which was equipped with a 13 speed straight shift. Plaintiff generally drove the truck five to six days per week. When he was hauling heavy equipment, he noticed that the truck seemed to vibrate more and tended to jostle him in his seat.
3. Beginning around mid-1991, plaintiff began to have dizzy spells while he was driving the truck. First plaintiff would feel disoriented, then he would have tunnel vision, followed by a spinning sensation. When these dizzy spells came on he would pull off to the side of the road. He did not report these incidents to anyone at the time.
4. These dizzy spells continued and became progressively worse until on or about April 26, 1993, when plaintiff had a severe onset of dizziness. On that morning, he was involved in hauling equipment. He began experiencing tunnel vision and almost blacked out. On this occasion, plaintiff radioed his supervisor, John Preslar, and told him he was having problems. Preslar and Witmore discussed the situation and agreed that it would be dangerous for plaintiff to drive the truck until or unless he was seen by a doctor and cleared to work. This was the first time that Mr. Preslar, the owner of the company, knew anything about the plaintiff's dizzy spells. Although plaintiff had previously mentioned the vibrations from the trailer when he was hauling equipment, he had not told Mr. Preslar about the dizziness he was experiencing.
5. Plaintiff has been seen for his dizziness by Dr. Steven F. Putman at Carolina Neurological Clinic, P.A. and by Dr. William Henry Roberts of Charlotte Eye Ear Nose Throat Associates. Dr. Putman in particular noted that plaintiff had a history of multiple ear infections. Both physicians have determined that plaintiff has an inner ear disturbance referred to as a labyrinthine dysfunction, which is causing his dizziness. Neither physician can pinpoint the etiology of the disorder, although they both note that the chronic jostling involved in his work as a truck driver would tend to bring on the symptoms of dizziness. Both physicians recommended that plaintiff seek other employment.
6. After he left his employment with defendant, plaintiff drew unemployment for several weeks. In September, 1993 he went to work as a carpenter with Omega Construction, where he worked for about a month. He then began work at Pillowtex as a mechanic, working on sewing machines. Plaintiff was working at Pillowtex at the time of the hearing.
7. Plaintiff suffers from an inner ear disturbance, labyrinthine dysfunction which tends to cause dizziness. Although plaintiff's symptoms of dizziness are brought on by the vibrations caused when plaintiff is truck driving and hauling heavy equipment, the evidence fails to establish that the vibrations involved in the truck driving actually caused the condition. Plaintiff's dizziness developed and worsened gradually over the course of a couple of years. There is no evidence that plaintiff has sustained an injury by accident which caused his inner ear condition. The evidence does not establish that this is an occupational disease brought on by conditions peculiar to plaintiff's employment to which the general public was not equally exposed.
* * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff has failed to prove by the greater weight of the evidence that he sustained an injury by accident arising out of and in the course of his employment or that he suffers from an occupational disease such that he is entitled to benefits under the Workers' Compensation Act. N.C.G.S. §§ 97-2, 97-53.
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Under the law plaintiff's claim must be, and the same is hereby DENIED.
2. Each side shall pay its own costs.
 S/ _____________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ ______________________ BERNADINE S. BALLANCE COMMISSIONER
S/ ______________________ LAURAs K. MAVRETIC COMMISSIONER
CMV/rst 1/23/97